**ORIGINAL**

X Priority
X Send
X Clsd
X Enter
\_\_ JS-5/JS-6
\_\_ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

**Case No.:** CV 99-10450 LGB (MCx)     **Date:** December 11, 2001

**Title:** <u>Perfect 10, Inc. v. Talisman Communications, Inc.</u>

========================================================================
**DOCKET ENTRY**

========================================================================
**PRESENT:** Hon. Lourdes G. Baird, United States District Judge

<u>Catherine Jeang</u>              <u>None Present</u>
Deputy Clerk                  Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                      None

**PROCEEDINGS:** In Chambers

The Court is receipt of Perfect 10, Inc.'s ("Perfect 10"'s) Application for Turnover Order. The application is taken pursuant to Federal Rule of Civil Procedure 69 ("Rule 69"). Rule 69 provides that "[the] procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held . . . except that any statute of the United States governs to the extent that is applicable." Perfect 10 has pointed to no applicable federal law, so California law governs. <u>See</u> Fed. R. Civ. P. 69.

California Code of Civil Procedure § 699.040 generally governs turnover requests. Section 699.040 states:

> (a) <u>If a writ of execution is issued</u>, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs . . . for an order directing the judgment debtor to transfer to <u>the levying officer</u> . . . .

Cal. C.C.P. § 699.040. There is no indication that a writ of execution has issued, or that there is a levying officer involved in this request. The Court therefore looks to California Code of

ENTERED ON ICMS
DEC 12 2001

Civil Procedure § 708.120, titled "Orders where property in possession or control of third party." This section provides for ex parte application by a judgment debtor, but it has not been invoked by Perfect 10. See Imperial Bank v. Pim Electric, Inc., 33 Cal. App. 4th 540, 550 (1995)("a turnover order issued in connection with an examination proceeding generally is of greater use because it . . . may require delivery of property directly to the judgment creditor . . .")(citations omitted).

    Because the Court concludes that the current request fails to establish compliance with California's Code of Civil Procedure governing the execution of money judgments, Perfect 10's application is DENIED.

Deputy Clerk _[signature]_