1  JEFFREY N. MAUSNER (State Bar No. 122385)
   MONA D. MILLER (State Bar No. 77452)
2  BERMAN, MAUSNER & RESSER
   A LAW CORPORATION
3  4727 Wilshire Boulevard, Suite 500
   Los Angeles, California 90010-3874
4  Telephone: (323) 965-1200
   Fax: (323) 965-1919
5  E-mail: jmausner@bmrlaw.com

6  Attorneys for Plaintiff
   PERFECT 10, INC.

___ Priority
___ Send
___ Clsd
_X_ Enter
___ JS-5/JS-6
___ JS-2/JS-3

**NOTE CHANGES MADE BY THE COURT.**

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**NOTE CHANGES MADE BY THE COURT.**

PERFECT 10, INC., a California           )  Case No.: 99-10450 LGB (MCx)
corporation,                             )
                                         )  [PROPOSED] **TURNOVER ORDER**
           Plaintiff,                    )  **AND ORDER DIRECTING SALE OF**
                                         )  **INTANGIBLE ASSETS IN**
       vs.                               )  **FURTHERANCE OF WRIT OF**
                                         )  **EXECUTION**
TALISMAN COMMUNICATIONS, INC.,           )
a Canadian corporation, and DOES 1-10,   )
                                         )  **NOTE CHANGES MADE BY THE COURT.**
           Defendants.                   )
                                         )  ENTERED
                                         )  CLERK, U.S. DISTRICT COURT
                                         )
                                         )  APR - 3 2002
_____  )
                                            CENTRAL DISTRICT OF CALIFORNIA
                    **ORDER**              BY _____ DEPUTY

The Court having considered the post-judgment Notice of Motion and Motion of Plaintiff and Judgment Creditor Perfect 10, Inc. for Turnover Order and the supporting Memorandum of Points and Authorities and Declarations submitted by Plaintiff; the Court having supplemental jurisdiction over Defendant and Judgment Debtor Talisman Communications, Inc. pursuant to Rule 69 of the Federal Rules of Civil Procedure to enforce its judgment of March 29, 2000; the Court having previously found that it had personal jurisdiction over Defendant; the Defendant having had an opportunity to be heard herein; a Writ of Execution having previously been issued by the Clerk of the Court; and the Court having been duly advised in the premises,

___ Docketed
___ Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3
_✓_ CLSD

-1-

BERMAN, MAUSNER & RESSER
A LAW CORPORATION

proposedorder.wpd

IT IS HEREBY ORDERED:

(1) Defendant and Judgment Debtor Talisman Communications, Inc. ("Talisman") is ordered to turn over all of its rights and possessory interests in the following domain names and to take all actions necessary to effect the transfer of the domain name registrations for the following domain names from Talisman to Plaintiff:

> supersex.com;
>
> talcom.net; and
>
> any other domain name in which Talisman has rights or a possessory interest.

(2) Talisman is ordered not to transfer, delete, alter, or otherwise modify any of its current domain names (including the aforementioned domain names) and registrations with all registrars, except as is necessary to effectuate this Order.

(3) Notice is hereby given to Talisman, pursuant to Cal. Code Civil Procedure §699.040(a) and (c), that failure to comply with this Order may subject it to arrest and punishment for contempt of court.

(4) VeriSign, Inc. (formerly known as "Network Solutions, Inc.") is authorized to take all steps necessary to assist in the transfer of the aforementioned domain name registrations to Plaintiff to effectuate this Order.

(5) ~~Plaintiff and Judgment Creditor Perfect 10, Inc. ("Plaintiff") shall proceed to sell, through a recognized, publically utilized service which specializes in the sale of domain name registrations on the Internet, such as GreatDomains.com or Afternic.com, the domain name registrations turned over to it, in order to attempt to satisfy the amount of the judgment due to it from Talisman herein. Plaintiff shall follow all procedures established by the third-party seller, whether it be GreatDomains.com, Afternic.com, or some other recognized entity which specializes in the sale of domain name registrations.~~

(6) ~~Plaintiff is permitted to make a credit bid at any such sale, based on the judgment herein.~~

1  IN THE ALTERNATIVE, WITH RESPECT TO THE SALE OF THE DOMAIN NAME
2  REGISTRATIONS WHICH HAVE BEEN TURNED OVER TO PLAINTIFF, PURSUANT TO
3  THIS ORDER: *or a registered process server under Cal.C.CP §699.080*

4  (7)  The Court directs that the Marshal ~~act~~ act as a levying officer ~~,~~ and pursuant to written instructions to be given by Plaintiff to the ~~Marshal~~ *levying officer* which are consistent with this Order, the ~~Marshal~~ *levying officer* shall arrange the sale of the domain name registrations which have been turned over to Plaintiff through a recognized, publically utilized service which specializes in the sale of domain name registrations, such as GreatDomains.com or Afternic.com. Such sale is for the benefit of Plaintiff to enable it to collect, at least in part, on its judgment herein, including attorneys' fees, costs and interest.

11  (8)  Plaintiff is permitted to make a credit bid at any such sale, based on the judgment herein.

14  WHETHER THE SALE OR TRANSFER OF THE DOMAIN NAME REGISTRATIONS IS
15  ARRANGED BY PLAINTIFF, THE MARSHAL OR A THIRD PARTY APPOINTED BY THE
16  COURT TO ACT IN PLACE OF LEVYING OFFICER, THE COURT FURTHER ORDERS AS
17  FOLLOWS:

18  (9)  Plaintiff is ordered to turn over to Talisman any amount received from the sale of the aforementioned domain name registrations or either of them which is in *excess* of Plaintiff's judgment, including attorneys' fees, costs and interest, as permitted by law. Should sale of one domain name registration result in cash payment in full to Plaintiff, in an amount sufficient to satisfy Plaintiff's judgment, including attorneys' fees, costs and interest, as provided by law, then Plaintiff shall turn back to Talisman any unsold aforementioned domain name registration. (Should Plaintiff be the successful bidder at any sale of these domain name registrations, any income realized from its subsequent *operation* of a web site using these domain names is not to be considered income from the *sale* of the domain name registration itself.)

27  (10)  The Court further orders that service on Talisman may be effected by any method recognized by the Hague Convention, to which the United States and Canada, the country of

1 | incorporation of the debtor corporation, are signatories.

2

3

4

5 | Date: *April 1*, 2002                    _____
                                                U.S. District Judge
6

7

8 | Order Proposed By:

9

10 | JEFFREY N. MAUSNER (State Bar No. 122385)
    | MONA D. MILLER (State Bar No. 77452)
    | BERMAN, MAUSNER & RESSER
11 | A LAW CORPORATION
    | 4727 Wilshire Boulevard, Suite 500
12 | Los Angeles, California 90010-3874
    | Telephone: (323) 965-1200
13 | Fax: (323) 965-1919
    | E-mail: jmausner@bmrlaw.com
14
    | Attorneys for Plaintiff
15 | PERFECT 10, INC.

-4-

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** |
| 3 | I am employed in the County of Los Angeles, State of California. |
| 4 | I am over the age of 18 and am not a party to the within action; my business address is: 4727 Wilshire Boulevard, Suite 500, Los Angeles, California 90010-3874. |
| 5 | |
| 6 | On February 19, 2002, I served the foregoing document(s) described as follows: |
| 7 | **[PROPOSED] TURNOVER ORDER AND ORDER DIRECTING SALE OF INTANGIBLE ASSETS IN FURTHERANCE OF WRIT OF EXECUTION** |
| 8 | |
| 9 | on the interested party(ies) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows: |
| 10 | |
| 11 | PRESIDENT OF TALISMAN COMMUNICATIONS, INC. |
| 12 | 696 ST-CATHERINE OUEST<br>MONTREAL, QUEBEC H3B 1B9 |
| 13 | CANADA |
| 14 | VERISIGN, INC. |
| 15 | 21355 RIDGETOP CIRCLE<br>DULLES, VIRGINIA 20166 |
| 16 | ATTN: PHIL SBARBORO, ESQ. |
| 17 | **MAIL:** I placed such envelope with fully prepaid postage thereon, with return receipt requested, in the United States mail at Los Angeles, California, for Talisman Communications, Inc. |
| 18 | |
| 19 | I placed such envelope with fully prepaid postage thereon in the United States mail at Los Angeles, California, for VeriSign, Inc. |
| 20 | **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare, under penalty of perjury, that the foregoing is true and correct. |
| 21 | |
| 22 | Executed on **February 19, 2002**, at Los Angeles, California. |
| 23 | |
| 24 | BY: *Joshua Wong* |
| 25 | Joshua Wong |

BERMAN, MAUSNER & RESSER
A LAW CORPORATION